UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ROSE M. WAGNAC,

    Plaintiff,

v.

NATIONAL ASSET MANAGEMENT, LLC,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, ROSE M. WAGNAC, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, NATIONAL ASSET MANAGEMENT, LLC, is a corporation with its principal place of business at Suite 105, 400 Rouser Road, Moon Township, PA, 15108.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following message on Plaintiff's home telephone voice mail on or about the date stated:

> **APRIL 17, 2012**
> Hello. We have an important matter that needs to be addressed. Please contact our office today at 877-806-3160. That number again is 877-806-3160. Thank you very much, have a good day.

11. Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and its name.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

14. Plaintiff incorporates Paragraphs 1 through 13.

15. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

16.     Plaintiff incorporates Paragraphs 1 through 13.

17.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity and failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc*., 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs*., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> don@donyarbough.com
>
> By: s/ Donald A. Yarbrough
>      Donald A. Yarbrough, Esq.